IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| JENNIFER L. GRUBER,<br><br>        Plaintiff,<br><br>vs.<br><br>STATE FARM MUTUAL<br>AUTOMOBILE INSURANCE<br>COMPANY,<br><br>        Defendant. | No. C21-2055-LTS-MAR<br><br>**MEMORANDUM**<br>**OPINION AND ORDER** |

## I. INTRODUCTION

This matter is before me on a motion (Doc. 20) for summary judgment filed by defendant State Farm Mutual Automobile Insurance Company (State Farm). Plaintiff Jennifer Gruber has filed a resistance (Docs. 25, 26) and State Farm has filed a reply (Doc. 28). Oral argument is not necessary. *See* Local Rule 7(c).

## II. PROCEDURAL HISTORY

Gruber filed this action in Iowa District Court for Bremer County on October 1, 2021. *See* Doc. 4. On November 10, 2021, State Farm removed the case to this court based on diversity jurisdiction under 28 U.S.C. § 1332 and supplemental jurisdiction under 28 U.S.C. § 1441. Doc. 1.

Gruber alleges she was covered by a State Farm automobile insurance policy (the Policy) that covered losses including loss or injury from an uninsured or underinsured motorist (UIM). The Policy was in effect on or about September 15, 2016, when she was involved in a motor vehicle accident. The other vehicle was driven by Laura Hagemann, who was also insured by State Farm. Gruber filed suit against Hagemann

and ultimately reached a settlement. As part of the settlement, Gruber reserved the right to make claims based on her UIM coverage with State Farm. Gruber alleges her damages exceed the limits of Hagemann's policy and her own UIM coverage limits. She asserts claims of breach of contract and bad faith against State Farm based on its refusal to pay her losses.

### III. SUMMARY JUDGMENT STANDARDS

Any party may move for summary judgment regarding all or any part of the claims asserted in a case. Fed. R. Civ. P. 56(a). Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

A material fact is one that "'might affect the outcome of the suit under the governing law.'" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Thus, "the substantive law will identify which facts are material." *Id.* Facts that are "critical" under the substantive law are material, while facts that are "irrelevant or unnecessary" are not. *Id.*

An issue of material fact is genuine if it has a real basis in the record, *Hartnagel v. Norman*, 953 F.2d 394, 395 (8th Cir. 1992) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986)), or when "'a reasonable jury could return a verdict for the nonmoving party' on the question." *Woods v. DaimlerChrysler Corp.*, 409 F.3d 984, 990 (8th Cir. 2005) (quoting *Anderson*, 477 U.S. at 248). Evidence that only provides "some metaphysical doubt as to the material facts," *Matsushita*, 475 U.S. at 586, or evidence that is "merely colorable" or "not significantly probative," *Anderson*, 477 U.S. at 249–50, does not make an issue of material fact genuine.

As such, a genuine issue of material fact requires "sufficient evidence supporting the claimed factual dispute" so as to "require a jury or judge to resolve the parties'

2

differing versions of the truth at trial." *Anderson*, 477 U.S. at 248–49. The party moving for entry of summary judgment bears "the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record which show a lack of a genuine issue." *Hartnagel*, 953 F.2d at 395 (citing *Celotex*, 477 U.S. at 323). Once the moving party has met this burden, the nonmoving party must go beyond the pleadings and by depositions, affidavits, or otherwise, designate specific facts showing that there is a genuine issue for trial. *Mosley v. City of Northwoods*, 415 F.3d 908, 910 (8th Cir. 2005). The nonmovant must show an alleged issue of fact is genuine and material as it relates to the substantive law. If a party fails to make a sufficient showing of an essential element of a claim or defense with respect to which that party has the burden of proof, then the opposing party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 322.

In determining if a genuine issue of material fact is present, I must view the evidence in the light most favorable to the nonmoving party. *Matsushita*, 475 U.S. at 587–88. Further, I must give the nonmoving party the benefit of all reasonable inferences that can be drawn from the facts. *Id.* However, "because we view the facts in the light most favorable to the nonmoving party, we do not weigh the evidence or attempt to determine the credibility of the witnesses." *Kammueller v. Loomis, Fargo & Co.*, 383 F.3d 779, 784 (8th Cir. 2004). Instead, "the court's function is to determine whether a dispute about a material fact is genuine." *Quick v. Donaldson Co., Inc.*, 90 F.3d 1372, 1376–77 (8th Cir. 1996).

### IV. RELEVANT FACTS

The following facts are undisputed for purposes of this motion, except where indicated otherwise. Gruber's Policy with State Farm included UIM coverage and was effective from May 3, 2016 to November 3, 2016. The Policy includes the following provision:

> 13. Legal Action Against Us.
> Legal action may not be brought against us until there has been full compliance with all the provisions of this policy. In addition, legal action may only be brought against us regarding:
> . . .
> c. Uninsured Motor Vehicle Coverage and Underinsured Motor Vehicle Coverage if the insured or that insured's legal representative within **four years** immediately following the date of the accident:
> (1) presents either an Uninsured Motor Vehicle Coverage claim or an Underinsured Motor Vehicle Coverage claim to us; and
> (2) files a lawsuit in accordance with the Deciding Fault and Amount provision of the involved coverage.
> Except as provided in c.(2) above, no other legal action may be brought against *us* relating to Uninsured Motor Vehicle Coverage or Underinsured Motor Vehicle Coverage for any other causes of action that arise out of or are related to these coverages until there has been full compliance with the provisions titled **Consent to Settlement** and **Deciding Fault and Amount**.

Doc. 20-1 at 8 (emphasis added by State Farm).

Gruber alleges she was injured on September 15, 2016, as a result of her vehicle being struck by a vehicle operated by Hagemann. On August 27, 2018, Gruber and her husband filed suit against Hagemann. Hagemann also held an insurance policy with State Farm with policy limits of $100,000. The parties dispute the relevance of the timing and production of Hagemann's policy and declarations page in that lawsuit. State Farm argues it is irrelevant to this action, which is based on Gruber's policy with State Farm. In any event, the parties agree that State Farm produced a copy of Hagemann's declarations page on May 13, 2020. Doc. 27 at ¶ 17. It is unclear when or whether Hagemann's policy was ever produced.

On May 14, 2020, the Grubers and a State Farm representative (on behalf of Hagemann) attended a mediation. The parties dispute whether State Farm was a party to the mediation and the subsequent settlement. State Farm states that the Grubers settled with Hagemann for $75,000 and that it agreed to pay the settlement on behalf of Hagemann, its insured, noting that it was not a party in that lawsuit. Doc. 20-3 at ¶ 23;

Doc. 27 at ¶ 14. Gruber states the settlement was between her (and her husband) and State Farm, as only a State Farm representative (and not Hagemann) was present at the mediation. Doc. 25-1 at 2.

The executed Memorandum of Settlement provides: "Plaintiffs reserve the right to seek payment for their Uninsured and Underinsured coverage under other terms of settlement." Doc. 25-3 at 31. On May 15, 2020, Hagemann's attorney sent a letter to the Grubers' counsel summarizing the settlement agreement and indicating that he would draft a release and indemnity agreement that would reserve "Mr. and Mrs. Gruber's right to pursue any Underinsured Motorist Claim under any applicable auto insurance policies." *Id.* at 32. The executed Settlement and Release Agreement states: "Mr. and Mrs. Gruber reserve the right to pursue Underinsured Motorist Coverage claims against State Farm Mutual Insurance Company." Doc. 20-1 at 22.

On August 4, 2020, Gruber made a $100,000 demand to State Farm for UIM coverage limits. State Farm responded to Gruber's demand in February 2021 with an offer of $5,147.54. Gruber filed suit against State Farm on October 1, 2021.

## V. ANALYSIS

Gruber does not resist State Farm's motion for summary judgment as to her bad faith claim. As such, that claim (Count II) will be dismissed. With regard to her breach of contract claim (Count I), State Farm argues it is barred by the four-year contractual limitations period in the Policy. Gruber argues her claim is not barred based on (1) the negotiated settlement agreement in May 2020 and (2) because State Farm concealed facts and made representations concerning the UIM coverage and the existence of the contractual limitations period and should be equitably estopped from asserting it as a defense.

There is no dispute that Gruber's Policy with State Farm contains a four-year limitations period. *See* Doc. 20-1 at 8 (the "Legal Action Against Us" clause quoted above). State Farm argues this limitations period is enforceable, as the Iowa Supreme

5

Court has recognized that even a two-year period is reasonable and enforceable under Iowa law. *See Robinson v. Allied Prop. and Cas. Ins. Co.*, 816 N.W.2d 398, 402-05 (Iowa 2012) ("The Iowa legislature chose [a two-year] statutory deadline for lawsuits alleging personal injuries, and we decline to invalidate the same limitations period as unreasonable in a contract for UIM coverage."). The parties agree that Gruber filed her current lawsuit beyond this limitations period, as the loss occurred on September 15, 2016, and Gruber filed suit on October 1, 2021.

Gruber argues her claim is not barred by the limitations period for two reasons: (1) she reserved the right to seek payment for UIM coverage in negotiating the settlement of her claims against Hagemann and (2) State Farm concealed facts and made representations concerning the UIM coverage and the existence of the contractual limitations period such that it is equitably estopped from asserting the limitations argument as a defense. Regarding her first argument, Gruber asserts she negotiated directly with State Farm in resolving the Hagemann action and that she and State Farm reached an agreement wherein Gruber reserved the right to seek payment under her UIM coverage. Because no time limit was included in this agreement, Gruber argues the general 10-year statute of limitations for written contracts should apply. *See* Iowa Code § 614.1(5). Additionally, she notes that at the time the agreement was reached in May 2020, she had only four months remaining under the contractual limitations period, which she contends is unreasonable. Doc. 25 at 5 (citing *Douglass v. Am. Family Mut. Ins. Co.*, 508 N.W.2d 665, 666-68 (Iowa 1993)).

With regard to her second argument, Gruber explains that during negotiations concerning the Hagemann action, there was discussion of State Farm's obligations under her insurance policy, which resulted in Gruber reserving the right to seek payment under her UIM coverage. She specifically asserts that State Farm represented, as part of the settlement, that Gruber would be allowed to pursue to UIM coverage. She argues State Farm failed to produce Hagemann's policy as part of initial disclosures in the Hagemann litigation and did not produce the declarations page for that policy until May 13, 2020,

the day before the mediation. As a result, Gruber states she was completely unaware of the contractual limitations period and insists she acted in reliance on State Farm's representations at the mediation that she would be allowed to pursue UIM coverage claims. She also notes that State Farm waited until the contractual limitations period had expired to respond to Gruber's timely demand under the Policy. Under these circumstances, Gruber argues State Farm should be equitably estopped from asserting the contractual limitations period as a defense.

State Farm agrees that the Mediation Memorandum of Settlement provided that: "Plaintiffs reserve the right to seek payment for their Uninsured or Underinsured coverage under other terms of settlement," Doc. 25-3 at 31, and that the Release provided: "Mr. and Mrs. Gruber reserve the right to pursue underinsured motorist coverage claims against State Farm Mutual Insurance Company." *Id.* at 34. It disputes, however, that there was any waiver or extension of the contractual limitations period in Gruber's policy as part of the settlement. State Farm also denies that it made any representations or concealed any material facts related to Gruber's Policy, which is the basis of her breach of contract claim.

I agree with State Farm that Gruber's breach of contract claim is barred by the contractual limitations period and that neither the circumstances of the Hagemann mediation nor the doctrine of equitable estoppel saves her claim. First, Gruber misconstrues State Farm's role in her lawsuit against Hagemann. State Farm was not a party to that lawsuit and that lawsuit implicated Hagemann's policy, not Gruber's. Any negotiations between Gruber and State Farm (as Hagemann's insurer) in the Hagemann litigation have no bearing on State Farm's position as it applies to Gruber's policy and the UIM coverage. State Farm was negotiating on Hagemann's behalf, not its own. While Gruber suggests she and State Farm discussed her own Policy, she does not allege that State Farm made any representations or agreed that she could file a UIM claim *outside* the contractual limitations period. State Farm agreed only that Gruber had the

7

Case 6:21-cv-02055-LTS-MAR   Document 31   Filed 10/04/22   Page 7 of 9

right to pursue claims for UIM coverage, which is reflected in the Memorandum of Settlement and Release.

Second, even viewing the record in a light most favorable to Hagemann, there was no false representation or concealment of a material fact by State Farm that could give rise to equitable estoppel. *See Wildhawk Investments, LLC v. Brava I.P., LLC*, 27 F.4th 587, 595-96 (8th Cir. 2022) (noting under Iowa law, an equitable estoppel defense requires clear and convincing evidence that: "(1) the opposing party made a false representation or concealed material facts; (2) the party asserting estoppel lacked knowledge of the true facts; (3) the opposing party intended the party asserting estoppel to act upon the representation or concealment; and (4) the party asserting estoppel relied on the representation or concealment and thereby suffered prejudice."). When the Grubers reserved the right to "seek payment for *their* Uninsured or Underinsured coverage," *see* Doc. 25-3 at 31 (emphasis added), this applied to *their* Policy, not Hagemann's. Gruber makes no assertion that State Farm misrepresented or concealed information regarding the terms of her own Policy. State Farm's alleged failure to produce Hagemann's policy during the Hagemann litigation has no bearing on Gruber's obligations under her own Policy, which is at issue here.

Finally, Gruber's assertion that four months (and possibly up to six months)[1] was an unreasonable period of time to file suit is not supported by *Douglass*. That case concerned a two-year limitations period for claims of UIM coverage. *Douglass*, 508 N.W.2d at 665-66, *overruled on other grounds by Hamm v. Allied Mut. Ins. Co.*, 612 N.W.2d 775 (Iowa 2000). The plaintiff alleged she was not aware that the uninsured tortfeasors were judgment proof until the two-year limitations period had passed. *Id.* at

---

[1] State Farm notes that due to the emergence of COVID-19 in the spring of 2020, the Iowa Supreme Court tolled "[any] statute of limitations, statute or repose, or similar deadlines" for seventy-six (76) days if the deadline "would otherwise expire any time from March 17, 2020 to December 31, 2020." Iowa Supreme Court Supervisory Order, *In the Matter of Ongoing Preparation for Coronavirus/COVID-19 Impact on Court Services*, (May 8, 2020).

667. The Court noted that an action for UIM coverage was not conditioned on exhausting remedies against the tortfeasors. *Id.* It held the two-year limitations period was valid and enforceable and dismissed the suit. *Id.* at 668.

Here, Gruber's time to file suit against State Farm had not expired at the time she resolved the litigation with Hagemann. Even if it had, under *Douglass* the limitations period would still be enforceable because Gruber could have simultaneously pursued the UIM coverage while pursuing any claims against Hagemann. Gruber's remaining time following resolution of the Hagemann lawsuit is not a sufficient basis to overcome the contractual limitations period. The contractual limitations period is enforceable as a matter of law under these circumstances and bars Gruber's breach of contract claim. As such, that claim must be dismissed.

## VI.    CONCLUSION

For the reasons stated herein, State Farm's motion (Doc. 20) for summary judgment is **granted** as to both claims (Counts I and II) in Gruber's petition. Those claims are hereby **dismissed**. Because this order disposes of all claims, judgment **shall enter** against plaintiff and in favor of defendant and the Clerk of Court shall **close this case**.

**IT IS SO ORDERED.**

**DATED** this 4th day of October, 2022.

_____
Leonard T. Strand, Chief Judge